Comrie v. Gibson's no-set-of-fact standards, it left in place this fundamental principle. Rule 8A.2, quote, requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Respectfully, the district court disregarded that bedrock principle when it dismissed the homestead's amended complaint for failure to state a claim. Its opinion mistakenly accepted Westchester's invitation to effectively revert back from the current notice-pleading regime to a fact-pleading regime. This court should not make the same mistake. It should reverse and remand. What we've argued in our brief is that the district court took a piecemeal approach in terms of how it construed the amended complaint and that instead this court must construe the complaint as a whole, that the factual allegations that are alleged, for example, in the bad faith components of our amended complaint they relate to everything. I mean, Ming-Chaka, which is a Texas Supreme Court case cited in Westchester's brief, makes clear, and it's the case they rely upon for saying, well, if there's no breach of contract claim, there can be no bad faith claim. What Ming-Chaka says is that these claims, at least with respect to bad faith and breach of contract, they're interwoven. I mean, they're all part of the same thing. And I don't want the court to lose sight of this. I mean, at its core, this is a garden-variety insurance dispute case. I mean, I'm not — it's very important to my clients, obviously. But at the end of the day — When I read the amended complaint, there's so much to guess at. And you cite in your reply brief Erwin Martinez, but those were very specific as to the name of the adjuster, paragraphs as to what happened here. Correct me if I'm wrong. You don't say anything about the roof, age, preexisting condition. You don't attach the policy. Nothing about communications between your client and Winchester. Nothing about their actual decision, your deductible amount, not the adjuster's name. One or two sentences in paragraph 18 about it might be that the adjuster didn't bring the right ladder. Where am I wrong? That's — how does that comply? Sure, Judge Higginson. So you're right with respect to what we alleged in our complaint — excuse me, in our amended complaint specifically relates to the roof. It gives them notice that that's what this is about. You're right. In Aero, Bolt, and Martinez, they did allege the name of the adjuster. If that is the rule, then this court should say it in precedent. We don't believe that's the case, that we have to allege the name of the specific adjuster. But there are paragraphs of description about what those adjusters did and didn't do, what was substandard. Here it's just paragraph 18, subsection 5, suggests that the adjuster, the first visit, didn't have the right size ladder. That's correct, for one of them. And again, in your last question before, you listed all these things that you said that we didn't allege. And you're right that we didn't allege, but that's Westchester's argument, which I think is wrong under Rule 8a-2, because that is essentially asking us to return to a fact-pleading regime as to all the facts we need to allege. But do you ever even indicate any policy provision that you claim was violated? No, we don't, Your Honor. We don't specifically say exactly what the policy provision is. But again, this all has to be read in context. And frankly, we also have to keep in mind Rule 8e of the Federal Rules of Civil Procedure, which is that pleadings are to be construed to a court substantial justice. They are on notice of what we're claiming. Again, this is just a simple – this is a post-Hurricane Harvey insurance claim. This would be just fine in state court, wouldn't it? It would be fine. And this is probably – they probably filed a lot of these in state court just like this. We did, Your Honor, and so it is the difference between Texas's fair notice pleading and – This reads just like an insurance claim from state court. Except it has the – I'm not saying it doesn't have the things it needs to have for federal court. I'm not addressing that. The original – I will grant you this. Obviously, the original complaint, because it was removed, is just a standard of what was filed in state court. And so in federal court, we needed to plead more facts. Did you plead any more facts as to the contract bleach? As to the contract language? No, we did not – no. In our amended complaint, we do not point to, for example – No, no, no, but just pause. If you just said in federal court you would need more and you're saying you didn't as to your contract claim. No, excuse me. So let me clarify my point. So in our original complaint, if the court looks at the original complaint, it really is just – it's just they conducted a substandard investigation. It doesn't identify what the damage is. It doesn't identify where it was. It doesn't identify with respect to the prompt payment that there were months. None of those facts. It's just they came. They did a substandard investigation. There was damage. We had an insurance contract. Here in the amended complaint, we added allegations specifically about the roof and about the adjuster, what he did during that one investigation. My point is that that is sufficient under Rule 8a2. And if I can, you know, in researching this, a case I found is Walker v. Sears, Roebuck & Company. This is at 853 F. 2nd, 355 from this court in 1998. Wait. Just – you have to – this is given to us. It's not in your brief, and you haven't given it to opposing counsel. It's not, Your Honor, because respectfully, I know that in Rule 28j letters, I've seen that this court in the past has had highlighted in remarks that it said don't file Rule 28j letters with respect to cases that – That doesn't mean you can just bring it up again. No, sir. I mean, we have a policy that you should go ahead and file your 28j letters. And if we choose to strike them because some people think that it's not new and that's their interpretation, that's on the court. But you should always file your additionally discovered authority, and you should share it with opposing counsel when you arrive in the morning if you haven't shared it. I mean, if you find it yet last week, you should give it to them last week. And that's our method. I just want to clarify that. And I apologize, Judge Elrod. Like I said, I must have misconstrued from a past notice on the court's website, but I apologize. So can I ask a quick question? If you have to add the adjuster, I've got – we have this. Our panel has this unopposed motion for leave to take judicial notice. If you have to add – if we rule that you should sue the – add the adjuster, just I guess describe the facts, would you have claims directly against the adjuster such that it would destroy diversity jurisdiction? It could, yes. So that's – you know, we got this motion about take judicial notice of removal, but if the idea is, well, you need to plead exactly what the adjuster did wrong and maybe then there's claims against the adjuster, it just seems to make it a little bit messy. Well, so I think you'll have to ask opposing counsel about the unopposed motion. I understood it that they were just bootstrapping kind of what was in their jurisdictional statement and their response brief to just add to that. You're right, Your Honor, in that there are cases – there are cases in which you, the plaintiff, sues not only the insurance company but also the adjuster, and then it gets removed. But you didn't sue the adjuster. We did not sue the adjuster, so that's not an issue. Is your point that you have enough allegations in the bad faith section that tell the story enough? Yes, yes. And it doesn't matter if it's in the section heading or not. Exactly. That's exactly our argument, that especially considering Rule 8.8.2, just read the complaint as a whole. Let me ask you, how do you distinguish this case from Moore v. Allstate, Texas Lloyds that we decided? Are you familiar with that? Moore.  Your Honor, I apologize. I'd be happy to – It held on facts very similar to these pleadings that Menchaca's general rule applied, that is, insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. And Moore classified the pleadings there as vague, conclusory allegations. Can you distinguish that from this case? Well, unfortunately, Your Honor, because I'm not familiar with the exact facts, I can't distinguish the facts. What I can say with respect to Menchaca and the rule that you stated is we agree with that, with Menchaca's statement, which is that generally – and that's a rule in Menchaca – is that generally if there is no breach of contract claim, there can be no separate bad faith claim. And so I certainly agree with that in that respect. With respect to the vague, conclusory allegations in Moore, I'm sorry, I'm not familiar, and I'm happy to submit that in supplemental briefing as well as the case I was discussing earlier if the Court would like. But we still think that to get back to Judge Elrod's – what Judge Elrod had previously asked me, which is if you construe this as a whole. This is not some 100-page complaint. This is not, for example, in Twombly alleging some vast Sherman Act conspiracy. It's a simple garden variety insurance dispute case. And so the question is are they on fair notice of what we've alleged? Did you ask Judge Gilmour for another chance to plead and she declined, reminded? We did, and actually, yes, we did ask. Because I don't see that in her order. Right. So – and thank you because that reminds me that in candor to the Court, I need to bring up – there is an appellate jurisdictional issue that I noticed, which was when I was reviewing the record, there was no final judgment entered. It's just this order dismissing the case. And so this order does not – we requested in our response to the motion to dismiss, we requested leave to amend. Her order just says the claims are dismissed, period. If you go on the docket, you'll see that the case was administratively closed on the same day that the order was issued. And so we still – I'm not here to say that this court does not have appellate jurisdiction. Under 28 U.S.C. 1291, this court has jurisdiction over all final decisions and orders of the district courts. And the general rule from this court and others is that an order that effectively terminates the litigation and leaves nothing else to be done except for entry of judgment is sufficient for it. But I did, again, add a candor to the Court. I did want to bring that point up because I did notice that when I was reviewing the record that there was no final judgment entered. But, yes, to get back to your original question, we did ask. We did ask in the alternative in our response to the second – to the motion to dismiss our amended complaint earlier. And there's no ruling on it? There's no ruling. I take it – Well, if there's no ruling on a motion and there's only a ruling on one motion and the case is administratively closed, then it would seem that we may not actually have jurisdiction at all. That there's a dangling motion and there's no ruling – and there's no catch-all order in the final judgment that says all pending things are gone. So I'm not as sanguine about our jurisdiction. I understand. And that's why – and, again, that's why in candor to the Court I wanted to bring this issue up. Again, our position is I'm not trying to play gotcha with the Court or with opposing counsel. I just discovered this. And our position, again, is that when you look at the rules with respect to final decisions under 28 U.S.C. 1291, part of it is you look to the district court's intent. And when the district court said all claims are dismissed, period, and, again, there is no – you're right. There is no explicit ruling on our separate request for a leave to amend. But the fact that they administratively closed the case signals to me that it's – It's a signal, but it's no legal effect. Excuse me? Administrative closure is no legal effect. It's not – you don't – it's an administrative act of the district court. Well, correct. But in terms of looking to the district court's intent in that is that we say that you look to that in terms of the court's intent. Again, I – Did you have a Zoom hearing on this motion, or was this just on the papers? I believe it was just on the papers, Your Honor. The final thing that I'd like to say is kind of with – I focused my remarks on Rule 8A2. And with respect to Rule 9B, which is the heightened pleading standard, because some of our claims do allege misrepresentations, right? And so for that, we do need to allege the who, what, when, where, and how. And, again, our position is that we have sufficiently alleged that because in cases like Benchmark, which is what the district court cited and what the parties cite in their briefs, is Rule 9B is context-specific. What is particularity depends on the context of the case. So what is particularity, for example, in a conspiracy, a vast conspiracy, is different from, in this case, a garden variety insurance dispute. We've said the who. We've said it's Westchester and it's adjuster. We've said the where. It's at the property. We've said the when. It was during and after the inspection. And we've said how, what it was, that there was no damage to the roof, that it was below the deductible, and how it happened was through a substandard investigation. So, again, under those standards, we think it meets 8A2 as well as 9B for those specific claims. For those reasons, if there are no further questions, we ask that you reverse and remand. Thank you. Thank you, Mr. Gould, and you save time for rebuttal. Mr. Dillard? Could you first address the issue of whether this is an appealable claim? Your Honor, we do not believe that in our response. No, but I mean it was just brought up. We believe the matter was final and subject to appeal before this court. The appellate, Homestead, filed the notice of appeal and alleged that the court had proper appellate jurisdiction. This is the first time we've heard an argument raised by Homestead on this issue. We have not briefed it, and we'd be happy to submit a supplemental briefing if necessary. Counsel, why shouldn't there be a chance to amend this pleading? I mean, there was an amendment shortly after it got to federal court, but if there's a deficiency that can be cured and the court hasn't, they didn't brief it to us, but it's not in the order and there's no judgment, so why shouldn't that be what happens here? Well, Your Honor, if I can remind the court, they had multiple opportunities to plead their allegations with particularity. Well, they don't have to plead all their arguments with particularity. Only a few have to be with particularity. Correct. The contract claim, which is one of the things, does not have to be pled with particularity. No, but it needs enough facts and detail to put us on notice as to what the claim is. They had two opportunities. They filed their original petition. Well, that's not an opportunity because that would have been, they were in their own court that it would have been good enough. So they had one opportunity, and then they were told it was deficient. Then shouldn't they have a chance to cure it if they can? That's the normal rule. Well, the case was dismissed on our first motion to dismiss. Okay, so it's two opportunities. Two opportunities, yes, Your Honor. So they did replete with the First Amendment after that. Correct. But they asked for it to replete, right, again. They were given leave to amend after our first motion to dismiss in the district court after removal. Okay, thank you. And what they did not do when they filed their First Amendment complaint was change any allegations in the factual background section, any allegations in the breach of contract cause of action section. It doesn't matter if the allegation is in that particular section or not. We take it as a whole. Your Honor, that's one way to read it, but you have to allege enough. Even if you look at the claims and the allegations in the Chapter 541 cause of action section, we contend that those allegations are conclusory, they're legal conclusions, they're argumentative. They don't provide the details under the applicable standards, whether it's 9B or whether it's 8A2 of the Federal Rules of Civil Procedure. But the court would have to infer, induce, and deduce that those allegations pled to support violations of the Chapter 541 of the insurance code and read those into the breach of contract cause of action, read those into the Chapter 542 Prompt Payment of Claims Act cause of action, and have to draw the inference that those also support a breach of contract or also support a violation of Chapter 542, the Prompt Payment of Claims Act. We don't believe that that's a reasonable inference that the court has to draw. That's a strain on the court to have to look at allegations in a cause of action section to support violations of the insurance code and say, hmm, does that also breach the contract? Does that also violate Chapter 542? It doesn't talk about deadlines. It doesn't talk about what those deadlines are when they were triggered. It doesn't talk about the policy or what was breached under the policy. Do you know the Moore case? I did not look at that case either, Your Honor, and I'll be happy to also submit a briefing on that if necessary. If you wish, you can each submit a 28-J within two business days on that case. Thank you, Your Honor. It's a case that Judge Wiener asked about specifically, Moore v. Allstate. Yes, Your Honor. I think the—if you want it, it's 742-FATS at 818. Thank you, Your Honor. I think the district court properly dismissed the claims asserted against Westchester because the claims didn't meet the standards, the pleading standards that are required, whether it's 8A2 fair notice that the pleader is entitled to the relief sought for the claims that don't require the heightened pleading standard that we talked about, the particularity standard. Did the district court subject the 8A2 unreasonable investigation to a heightened standard? No. The district court only looked at the heightened standard for the claims under Chapter 541 and that involved misstatements of law or misrepresentations about the policy's terms. Were you on fair notice that they were saying the adjuster never looked at the roof and therefore thought the water damage was flood damage not covered by your policy? Isn't that sort of buried in paragraph 18? That's buried in the Chapter 541 cause of action section. But he'd have to look at the roof because you would cover it if the rain poured through the roof. Well, there's a lot of things that go into coverage under the policy, the terms and conditions. You identified preexisting conditions. But I guess I'm asking just on the fair notice that they don't think that your inspector did what was most important, which is look at the roof to confirm that it was solid and it couldn't have come through there. You knew that or not? No, we did not, Your Honor. We don't believe you have to read that particular, and we will call it an argument masquerading as a fact, to support a violation, a misrepresentation of the policy. We don't believe you have to look at that to then say, well, that breaches the policy. Well, not the policy breach, more the A2. I'm sure you've read their reply brief cases. How would you, besides the fact that the adjuster was named in Arrow and Martinez, how else is it materially different? Well, I believe those cases that dealt with motions to remand, not 12b6 challenges, although the analysis is the same, they looked at whether there was improper joinder or sufficient claims against the adjuster, for example. And so in those cases, they go into a pretty detailed description of what was alleged in the actual pleading, more so than what we have in this case. Right. What specifically? Well, they talked about the adjuster's name. I know. They talked about his investigation. They go into more details about the conclusions that he found in his estimate. One of the adjusters was also the estimator, and it talks about his estimate. And just to say substandard investigation or undervalue or underpay, we don't believe that rises to the level that puts us on fair notice under A2 or especially under 9b. Okay, go ahead. A number of district courts have said if they failed to spend time inspecting the property that that was sufficient, that that could be a sufficient allegation. I'm just saying you don't need much. But you do need something. The court required some sort of heightened standard, district court. For the misrepresentation-based claims under Rule 9b. But not all of those were misrepresentation-based claims. Not all of the alleged Chapter 541 violations are misrepresentation-based. That's what the problem is. Those would look at the more lenient standard, which is Rule 8A2. And the other claims, you know, the failure to effect a prompt and fair equitable settlement, reasonable explanation of the basis of the policy, affirmer to deny coverage within a reasonable time. Unreasonable roof inspection. Well, but why is it unreasonable? Because they didn't bring a ladder. And we know that from the document. They didn't go up on the roof. Or look at it in a way with the ladder. There were multiple inspections, and I think their first amendment complaint identifies that there were multiple inspections and investigations of the property. But we don't think that that's sufficient detail to get into why the inspection or investigation is minimal or substandard. If I may turn back to, quickly, if the court deems it necessary, the jurisdictional issue on whether there's complete diversity. And I just wanted to come back to that because the court asked us to brief it in our briefs to the court. We briefed that there was complete diversity, and we alleged the citizenship of Westchester, Georgia Corporation, principal place of business in Pennsylvania, as well as the citizenship of the members of Homestead, a Florida citizen and a New York citizen. We acknowledge that our notice of removal did not include or affirmatively plead the citizenship of those members. We believe that this case is squarely on point to allow the court to take judicial notice of the publicly available filings that we located through governmental websites to identify the members as well as the citizenship of those members. We cited to that in our brief originally, and we also filed our unopposed motion to take judicial notice with a formal request. As we prepare for our argument, we realized, OK, let's give the court the actual filings that we pulled so they have that at their disposal if necessary. And so we don't believe complete diversity is contested here or disputed. There's a substantial likelihood that complete diversity exists, and therefore, based on those publicly available information from those filings, the governmental websites that we located those documents on the members and their citizenship. And because of that, we also in the alternative move to amend our citizenship allegations and our notice of removal to conform to what we put in our brief. It's uncontested. There's never been a dispute about complete diversity. This is a little bit of a mess. I know this was intended to you, but if we don't know if we have a final judgment, we don't leave the amended. The notice of removal is not proper. Is it? You know, I'm just saying there's a lot of. Why wouldn't this be better handled by the district court? We believe this court can take judicial notice, allow the amendment, could also allow the amendment of the first amendment complaint that was filed in the district court, but also didn't allege the citizenship of the members. They said has not asked for that, but we would ask to amend our allegation of citizenship. You want to amend? They might want to amend. Why should we let you amend and not them? So we could allow them to amend their complaint right now. Well, and you amend your answer right now. In fact, in the appeals court, I'm just curious. Your Honor, this court is allowed amendments on citizenship on jurisdiction and swindle and Owens. And we believe those cases support based on the fact that the court can take judicial notice, allowing the amendment on the citizenship allegations. There's a substantial likelihood the accuracy of which on the information we provided is not contested. And I'm not fussing at you. I'm just saying it's an awkward position for the court. What about the issue of finality of the judgment by the district court? Your Honor, again, we would, within two business days, submit a briefing on that issue. It's not an issue that we believe. Well, nobody has brought it up until today. That's correct, Your Honor. We have not had an opportunity to brief it. We will do so. Counsel, we didn't say to brief that in two days yet. We'll send a request through the clerk's office about the jurisdictional issue. We're not going to deprive you of an opportunity, but I don't know that that two-day 28-J thing for the Moore case is the right time frame and the right requirements. So, wait to hear from us on that. Yes, Your Honor. Thank you. If we start and look at the breach of contract, we talked earlier about policy provisions not being identified, whether there was coverage. There's also no allegations in the first amendment complaint on performance or full performance by Homestead. Did they timely make the notice of claim? Did they pay policy premium? Was there coverage? We don't have any of those types of allegations in the breach of contract clause of action section, which, again, is not amended after the original dismissal from the district court. If you, again, take their argument that you read into the chapter of breach of contract claim, chapter 541 allegations, we don't think those allegations rise to the level necessary to support a breach of contract claim. Can you remind us which case of ours, and I apologize, I can't remember, what case holds that you must plead with particularity on the state law claims? I understand that, in general, the principles about pleading fraud with particularity, but on the state law claims, and does that change? There's some where we don't, like under the thing about the press and all of that, we don't follow up. There was an issue about whether that applied in federal court, and we had a whole series of cases on that. What case says it does apply in federal court here? We have not located, through our review of the case law, a Fifth Circuit case that applies Rule 9B's heightened pleading standard to Chapter 541 causes of action. There's a number of district courts that did. And then some don't. Some don't. I think the majority of the courts, at least in the cases we've looked at, have applied the heightened pleading standard. At a minimum, this court has said the time, place, contents of the alleged misrepresentation, the individual, the specific individual who made the alleged misrepresentations, and how that individual was benefited. Why should we apply? If it's res nova, why is that the better rule if it's changing, does it substantively change the litigation under Erie? I think the better rule is to require the heightened pleading standard for an alleged misrepresentation. We have to be able to know who's alleged to have made that misrepresentation. When was the misrepresentation made? To whom was the misrepresentation made to? What was the specific insurance policy provision, insurance claim item that was the subject of that alleged misrepresentation? How was it made? Was it verbally? Was it email? Was it letter? We don't know. When was it made? Where was the misrepresentation made? We believe you have to know it in the complaint rather than through other forms of discovery, even though Texas wouldn't require that. We believe in federal court, and that's what the standard is, to plead fraud and mistake, the circumstances in which with particularity, on the fraud and the mistake. Do you have an analogous rule, I mean, a case that would be analogous? No. The, I mean, the Fifth Circuit in Williams WMX does talk about that Rule 9B requires the who, what, when, where, and how. But does it say that in the context of state insurance? In the context of Chapter 541. If that issue is dividing district courts, and you're saying they haven't even alleged what the misrepresentation is, it would fail on any standard, why would we resolve that? I don't think you have to if you find that the misrepresentation doesn't meet either standard. What is the misrepresentation? Well, we don't know. Right. That's the point. So whether you have to do who, what, where, when, you at least have to say what was misstated. That's our position, and that's what we've briefed in terms of our dismissal motion for the first original petition, as well as for the first amending complaint that Homestead filed after being granted leave to amend. None of the allegations changed. The only allegations in the first amended complaint that changed were in that 541 cause of action section. We don't believe the allegations in that section, even if you look at the 8A2 versus 9B, we still don't believe they meet either standard. And that's why we believe that those claims failed. Whether the heightened plaintiff's standard applies or the more lenient standard. You need to wrap it up, counsel. Your red light's on. Thank you, Your Honor. And for those reasons, we would respectfully request that this court affirm the dismissal of the claims against our client, Westchester. Thank you very much. Thank you, Mr. Dillard. Mr. Gould. Briefly, Your Honors, as to the misrepresentations, you can see those at paragraph 17, 18, and 19, where we say that the misrepresentations were that the roof was not damaged, that the storm was not the cause of it, and that the storm was not the cause of the source of it. And you received those misrepresentations in the inspector and agent adjuster's report or in the denial? Where do you tell us where that misstatement was? We don't say that. To be clear, we do not say in our complaint where that is. And our position is that that's not necessary under Rule 8A2 and Rule 9B, specifically in the context of this garden variety dispute. As to the heightened standard point, we respectfully disagree. The district court at ROA 221 and 22, as to all of the bad faith claims, applied 9B across the board. You're right. This is dividing district courts within Texas. And T. Ross and Cortez, which were cited in Westchester's brief, actually distinguish between those specifically predicated on misrepresentation and those that aren't. Would an A2 claim be predicated on a misrepresentation? I don't believe so. But the main claim here, I think, for us would be A7, which is failure to conduct a reasonable investigation, which is what we've said in terms of that they did not conduct a reasonable investigation. And with respect to that, there was discussion about, well, did they go on the roof? And there was a dispute about, well, maybe they did and maybe they didn't. And that's the point. That's an issue for summary judgment. We're not here saying we win as a matter of law. We're just here saying we've pleaded enough. And in my final minute, I just want to briefly return to the jurisdictional issue. Again, I did not bring that up to play gotcha with counsel. I brought it up because I learned about it less than 24 hours ago. And I thought as an officer of the court, I needed to bring it to the court's attention. I'd be happy. Again, we're not here saying – I didn't bring it up with the purpose of saying dismiss the case for lack of jurisdiction. In fact, my position stated – You don't want us to dismiss the case. No, we don't. I don't think anyone's accusing you of doing anything wrong here. I just wanted to – We appreciate the notice, and the court will let you know about – allow each side to brief this issue. But we need to confer on this. Thank you, Your Honor. We ask that you reverse and remand. Thank you very much. Thank you.